## Leisuretime Properties, Inc. v. Shukaitis

*Harry F. Lee,* for plaintiff.

*Elmer D. Christine,* for defendants.

WILLIAMS, P. J., November 13, 1975—Plaintiff filed a complaint in equity on September 8, 1975, in which it requested this court to issue a rule on defendants to show cause why it should not be

granted a proper hearing before the Board of Assessment and Revision of Taxes on its timely appeal from its 1973 real estate tax assessment and to stay a threatened tax sale of its premises pending the court's determination of such rule. The rule issued on September 8, 1975, returnable to September 30, 1975.

Defendants filed an answer to the rule to show cause on September 29, 1975. Respondents, on September 24, 1975, filed its answer to plaintiff's complaint. On September 30, 1975, this court certified the case to the law side of the court to take testimony to determine the issues raised by the pleadings.

At the hearing held on November 10, 1975, no oral testimony was taken, but a stipulation of facts was filed in lieu thereof.

The stipulated facts may be summarized as follows:

A timely appeal from its 1973 tax assessment was taken by plaintiff and a hearing thereon was held October 19, 1973. No decision was made at that time. Decision was deferred pending the furnishing to it of data relating to the cost of constructing a motel on plaintiff's property. No notice of the determination of the appeal was given plaintiff within a five-day period of October 19, 1973. During December 1973, the board was informed by the chief assessor that plaintiff had failed to supply detailed information relative to the construction costs and value of the motel property in question. The board then instructed its chief assessor there was to be no change in the assessment and that he should so notify plaintiff. The chief assessor notified the board that he had given the notice, but plaintiff has no knowledge that such a notice was ever received.

The board has no record that notice was given to plaintiff. No formal order of denial appears in the minutes of the board other than the notation "no change". The board has no record of the date on which its determination of "no change" was made. Neither does it have any record as to the date any notice of the board's determination denying plaintiff's appeal was given to petitioner.

It is obvious that the board's records are not in compliance with the mandatory requirements of the Act of May 21, 1943, P. L. 571, art. VII, sec. 702, as amended, 72 PS §5453.702, which reads as follows:

"The order of the board shall be entered in the minutes of the board, and a copy of such order shall be delivered to the person who appealed, either in person or by mail, to the address shown in the statement of intention to appeal, within five days after the hearing on such appeal."

The words "no change" may qualify as an order, but there is nothing in the record to show that a copy of such order was sent to plaintiff. The records are silent as to the date of the order and the date notice of its entry was given plaintiff.

Neither is there any proof that plaintiff ever received a notice of the denial of its appeal.

In Cameron Estate, 388 Pa. 25, 35, 130 A.2d 173 (1957), it is said:

" 'Depositing in the post office a properly addressed, prepaid letter raises a presumption that it reached its destination by due course of mail, and mailing a letter in such a way is prima facie evidence that it was received by the person to whom it was addressed. [Cited cases omitted.]' "

No such presumption is available to the board because unlike the circumstances in Cameron Es-

tate, supra, the county has no records to show that a letter containing a notice of the denial of the appeal was ev'er mailed; nor does the county have any record to show that a properly addressed, prepaid letter was ever deposited in the post office. Due to the lack of such records, there is no proof to substantiate a finding that the board has complied with the statutory requirement of notice or that a copy of the board's order was mailed to plaintiff. Neither has it been shown that the board's minutes show compliance with the statute.

Section 58 of the Statutory Contruction Act of May 28, 1937, P. L. 1019, 46 PS §558, provides:

"All provisions of a law of the classes hereafter enumerated shall be strictly construed: . . . 3. Provisions imposing taxes."

Under the Statutory Construction Act, we find the requirements of section 702 of the Act of May 21, 1943, P. L. 571, art. VII mandatory. The board's failure to prove that a copy of its order was mailed to plaintiff within five days of the rendition of the decision constitutes a noncompliance with the statute and, therefore, plaintiff's right to appeal has not been foreclosed.

Since it appears from the pleadings and stipulation of facts, that the board now has available to it the data requested at the hearing held October 19, 1973, we will restore the status quo as of October 19, 1973, and direct the board to fix a date for an additional hearing on the appeal, give proper notice of such hearing to plaintiff, and, after considering the additional data now available to it, render such decision as it deems appropriate, record its decision in its minutes and give the mandatory notice of its decision to plaintiff. If dissatisfied with the decision, plaintiff may then appeal to this court within the time provided by statute.

## ORDER

And now, November 13, 1975, it is ordered that the Board of Assessment and Revision of Taxes fix a time for an additional hearing on plaintiff's appeal from its 1973 real estate tax assessment; that it consider the data it requested at a hearing held October 19, 1973, and make such disposition of the appeal as it deems appropriate. It is further ordered that if aggrieved by the board's decision, plaintiff shall have the right to appeal to the Court of Common Pleas within the time provided by law. All proceedings to stay in the meantime.